**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BEKZOD ISLOMOV,** | |
| **Plaintiff,** | |
| **v.** | **Case No.  1:26-cv-241** |
| **ARAMARK SERVICES, INC.,** | |
| **Defendant.** | |

## NOTICE OF REMOVAL

Defendant Aramark Facility Services, LLC ("Aramark" or "Defendant") (incorrectly named in the Complaint as "Aramark Services, Inc."), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, hereby removes this action from the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois.  Removal is based on the following grounds:

## THE PLEADINGS AND SERVICE

1. On or about December 10, 2025, Plaintiff Bekzod Islomov ("Plaintiff") commenced this action against Aramark in the Circuit Court of Cook County, Illinois, titled *Bekzod Islomov v. Aramark Services*, *Inc.*, Case No. 2025 L 015154 (the "Complaint").  The Complaint appears to allege employment-related hostile work environment, retaliation, wrongful termination, defamation, and "negligent failure to investigate" claims.  The Complaint does not identify the specific statutory or legal bases upon which Plaintiff seeks relief.

2. On or about December 12, 2025, the Complaint and Summons were served by process server upon Aramark's registered agent.  A true and correct copy of the Complaint and Summons are attached hereto as Exhibit A.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446, because it is filed within thirty (30) days of receipt of Plaintiff's Summons and Complaint.

4. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

5. This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and this matter may be removed to this Court under the provisions of 28 U.S.C. § 1441(b), because the action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## DIVERSITY JURISDICTION AND AMOUNT IN CONTROVERSY

6. Federal district courts have "original jurisdiction" over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

7. Under the federal diversity jurisdiction statute, there must be complete diversity of citizenship between the parties—meaning that no plaintiff is a citizen of the same state as any one defendant. *See LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 546 n. 1 (7th Cir. 2008). Complete diversity exists under 28 U.S.C. § 1332 between Plaintiff and Defendant because they are citizens of different states.

8. An individual's citizenship for purposes of federal subject matter jurisdiction depends on domicile, "that is to say, the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). *See also Hukic v. Aurora Loan Services*, 588 F.3d 420, 430 (7th Cir. 2009) (a person's domicile is the "critical information" needed to determine whether court enjoys diversity jurisdiction); 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3612 (3d ed. 2009, Nov. 2018 Update) ("[T]he

2

domicile of a party to a diversity of citizenship case is the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning…. Domicile, therefore, has both a physical and a mental dimension and is more than an individual's residence, although the two typically coincide…").

9. Here, Plaintiff alleged in the Complaint that he was "employed by defendant Aramark Services, Inc, at a hospital facility in Illinois" (*see* Compl. ¶ 1), and lists his current address in the Complaint, which is in the State of Illinois. *See* Compl. at 1-2. Thus, Plaintiff is a citizen of Illinois for purposes of diversity jurisdiction.

10. A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

11. Aramark is, and was at all relevant times, incorporated in the State of Delaware.

12. The Supreme Court has held that the phrase "principal place of business" refers to the "nerve center" of a corporation; specifically, "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The corporation's "nerve center" usually is the location of the corporation's main headquarters. *Id.* at 93. Aramark's principal place of business is in Philadelphia, Pennsylvania: its corporate headquarters are located there, its corporate officers work there, and its executive and administrative functions, including daily decision making of the corporation, are performed there.[1]

---

[1] *See, e.g.*, https://www.bloomberg.com/profile/company/0083688D:US

13. Accordingly, applying the "nerve center" test, Aramark is a citizen of the states of Delaware and Pennsylvania for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

14. Based on the foregoing, complete diversity exists under 28 U.S.C. § 1332(a)(1).

15. In addition, this case satisfies the jurisdictional amount. Plaintiff has at all times maintained that his case is worth at least $75,000. Indeed, on the face of the Summons and Complaint, Plaintiff seeks, "in excess of $400,000.00." *See* Summons Paragraph 3.a.; Complaint "Amount Claimed" caption and "Wherefore" paragraph. Thus, the amount in controversy in this matter comfortably exceeds $75,000. *See Schlessinger v. Salimes*, 100 F.3d 519, 521 (7th Cir. 1996) ("Plaintiffs receive the benefit of all doubt: a court may not dismiss the claim unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.").

## VENUE

16. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because the District Court for the Northern District of Illinois, Eastern Division, is the judicial district and division embracing the place where the state court case is pending.

## STATE COURT PLEADINGS

17. Pursuant to 28 U.S.C. § 1446(a), with this Notice, Aramark is filing copies of all process, pleadings, and orders existing on file in the State court in this removed action. *See* Exhibits A-G.

18. Aramark will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, as required under 28 U.S.C. § 1446(d).

WHEREFORE, Aramark respectfully requests that the above action now pending in the Circuit Court of Cook County, Illinois, Case No. 2025 L 015154, be removed to the United States District Court for the Northern District of Illinois.

Dated: January 9, 2026

Respectfully submitted,

ARAMARK FACILITY SERVICES, LLC

*/s/ Kayla M. Massey*
One of Its Attorneys

Kayla M. Massey
Morgan, Lewis & Bockius LLP
110 North Wacker Drive
Chicago, IL 60606-1511
(312) 324-1000
(312) 324-1001 fax
kayla.massey@morganlewis.com

5

**<u>CERTIFICATE OF SERVICE</u>**

I, Kayla M. Massey, an attorney, certify that on January 9, 2026, I electronically filed the

foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system. Thereafter, I

served a file-stamped copy of the same via email and FedEx on *Pro Se Plaintiff*:

Bekzod Islomov
1400 Chicago Avenue, Apt 706
Evanston, IL, 60201
bekzod9699bekzod@gmail.com

*/s/ Kayla M. Massey*
Kayla M. Massey